BROWN, Judge,
concurring in result.
I concur in the result reached by the majority but write separately to fine tune a point and state my disagreement with the majority’s conclusion that the trial court acquired subject matter jurisdiction to decide Mother’s request to institute an order for educational needs based on the amendments to Ind.Code § 31-16-6-6. The Indiana Supreme Court has held that Indiana trial courts possess two kinds of “jurisdiction.” K.S. v. State, 849 N.E.2d 538, 540 (Ind.2006). Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Id. “Personal jurisdiction requires that appropriate process be effected over the parties.” Id. The Court also held that “[ojther phrases recently common to Indiana practice, like ‘jurisdiction over a particular case,’ confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations.” Id. The Court explained that “[r]eal jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process.” Id. at 542. Because the trial court had the power to hear and determine cases of the general class to which Mother’s petition to modify child support belongs, and appropriate process was effected over the parties, I would conclude that the trial court had personal and subject matter jurisdiction and that Ind.Code § 31-16-6-6 provided the statutory basis for providing Mother the requested relief.